UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| LAQUADIA EDWARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:24-cv-04048-SLD-JEH ) |
| ANTOINETTE GOODEN and KIRK PHILLIPS, | ) ) ) ) |
| Defendants. | ) |

ORDER

Self-represented Plaintiff LaQuadia Edwards files suit against Antoinette Gooden and Kirk Phillips. Compl. 1–2, ECF No. 1. The matter comes before the Court on Edwards's motions to proceed *in forma pauperis* ("IFP"), ECF No. 2, and to request counsel, ECF No. 3. For the reasons that follow, the motion to proceed IFP is GRANTED, the motion for counsel is STRICKEN, and the complaint is DISMISSED for lack of subject matter jurisdiction.

I. **Motion to Proceed IFP**

Edwards moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). She submitted an affidavit signed under penalty of perjury which demonstrates that she is unable to pay the costs of the proceeding. *See* IFP Mot. 1–5. Her motion to proceed IFP, therefore, is GRANTED.

II. **Motion to Request Counsel**

The Court STRIKES the motion to request counsel from the record as it is unsigned in violation of Federal Rule of Civil Procedure 11(a). *See* Fed. R. Civ. P. 11(a) ("Every . . . written motion . . . must be signed . . . by a party personally if the party is unrepresented.").

### III. Subject Matter Jurisdiction

A court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal court's jurisdiction is limited to cases "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Generally, this court has the authority to hear two types of cases: (1) those in which a plaintiff alleges a violation of his rights under the Constitution or federal law; and (2) those in which a citizen of one state alleges a violation of his rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331–1332.

Edwards complains that Defendants[1] invaded her privacy by logging into her email and security cameras, sent malicious messages, spread rumors, made false accusations, and violated an order of protection. Compl. 2, 5–6. It appears she is intending to bring claims for infliction of emotional distress, invasion of privacy, and defamation. *Id.* These are Illinois state law claims. *See, e.g.*, *Kane v. Loyola Univ. of Chi.*, No. 22 CV 6476, 2024 WL 1157396, at *15–16 (N.D. Ill. Mar. 18, 2024) (negligent and intentional infliction of emotional distress); *Angelo v. Moriarty*, No. 15 C 8065, 2016 WL 640525, at *4 (N.D. Ill. Feb. 18, 2016) (invasion of privacy by intrusion upon seclusion); *Jenkins v. Fuchs*, No. 17 C 1462, 2018 WL 905507, at *2 (N.D. Ill. Feb. 15, 2018) (defamation). The Court cannot detect any claims arising under a federal statute or the federal Constitution in Edwards's complaint.

---

[1] It is not entirely clear what, if anything, Edwards is complaining that Phillips did to harm her. She alleges that Gooden made untrue statements about her to Phillips and that someone "showed up unwanted at ex husband Kirk Phillips house." Compl. 5–6. For purposes of this Order, the Court presumes that both named Defendants engaged in the complained of conduct.

Because Edward asserts only state law claims, her complaint is DISMISSED for lack of jurisdiction. As relevant here, district courts have jurisdiction over state law claims only if diversity jurisdiction exists. District courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). For a court to exercise diversity jurisdiction, there must be complete diversity between the parties. *Pain Ctr. of SE Ind. LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018). This means "that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quotation marks omitted).

Here, Edwards has not shown that the requirements for diversity jurisdiction are met. Citizenship of an individual person is based on her "domicile"—in other words, "the state in which [she] intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). While Edwards alleges that she is an Illinois citizen, *see* Compl. 1, she does not identify the citizenship of either Phillips or Gooden. Therefore, the Court cannot determine whether Edwards is a citizen of the same state as either Philips or Gooden. The Court will give Edwards an opportunity to file an amended complaint that adequately alleges a factual basis for the Court to exercise jurisdiction over this case.

## CONCLUSION

Accordingly, Plaintiff LaQuadia Edwards's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED and her motion requesting counsel, ECF No. 3, is STRICKEN from the record as it is unsigned. The complaint, ECF No. 1, is DISMISSED for lack of subject matter jurisdiction. If Edwards believes that Phillips and Gooden are citizens of states other than Illinois—or if she believes there is another basis for the Court to exercise jurisdiction—she may

file an amended complaint by May 13, 2024.  If she does not file an amended complaint by May 13, 2024 this action will be dismissed without prejudice for lack of subject matter jurisdiction.  A dismissal without prejudice would allow Edwards to refile her suit in state court.

Entered this 11th day of April, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
